IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGINIA TORRES, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 16 C 06665 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| LVNV FUNDING, LLC and NATIONS RECOVERY CENTER, INC., | ) ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Defendant LVNV Funding, LLC ("LVNV") seeks reconsideration of this Court's order denying in part Defendant's Motion for Summary Judgment, (Dkt. No. 78), entered March 28, 2018. (Dkt. No. 80.) The motion is denied for the following reasons. [80.]

**STATEMENT**

At the outset, LVNV does not cite to the Federal Rules of Civil Procedure regarding what type of relief it seeks in asking for "reconsideration," but the Court construes the pleading as one sounding in Rule 59 as a request to alter or amend the judgment. Such relief requires the existence of a "manifest error of law" demonstrated not by disappointment of the losing party, but rather proof of "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Harrington v. City of Chi.*, 443 F.3d 542, 546 (7th Cir. 2006); *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

1

Turning to the arguments raised by LVNV, the Court correctly denied summary judgment in part having established as a matter of law that LVNV violated the prohibited communications provision of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692c. (Dkt. No. 78, at 15.) In doing so the Court held that LVNV, as a debt collector, had knowledge of Plaintiff Virginia Torres' attorney representation when a sub-agent hired to collect the debt owned by LVNV communicated directly with the Plaintiff instead of through her counsel as required by the Act. *Id.* The Court supported its holding by establishing that no genuine material facts disputed evidence that LVNV used three prior servicing agents, all who had knowledge that Torres had counsel, in attempts to collect the debt owned by LVNV. (Dkt. No. 78, at 14.) In a further attempt to avoid liability for the communication violations, LVNV asserted a bona fide error defense pursuant to § 1692k(c), but the Court properly disposed of this argument holding that LVNV wholly failed to show that it maintained procedures reasonably adapted to avoid any such error. (Dkt. No. 78, at 17.)

LVNV now argues that the Court misapplied the law with respect to the knowledge requirement under § 1692c because the FDCPA requires "actual knowledge" and theories of imputed knowledge or agency liability are insufficient to prove the knowledge requirement. (Dkt. No. 80, at 2-3.) In support of its "actual knowledge" claim, LVNV cites to one Seventh Circuit case—*Randolph v. IMBS, Inc.*—for the proposition that § 1692c requires actual knowledge. *See* 368 F.3d 726, 730 (7th Cir. 2004). But LVNV is misguided in its use of *Randolph*, and the argument fails for the reason already explained by the Court in its summary judgment opinion. *Randolph* pays little attention to § 1692c(a)(2), stating simply that the provision "makes liability depend

2

on the *actor's* knowledge," while the remainder of the relevant discussion instead focuses on the meaning of § 1692e(2)(A)'s strict liability standard as compared to § 362(h) of the Bankruptcy Code. *Randolph*, 368 F.3d at 730 (emphasis added). The *Randolph* Court then discussed the importance of the bona fide error defense as a primary source of protection against alleged violations of § 1692e(2)(A). *Id*. Hence, LVNV improperly relies on *Randolph*.

Next, LVNV does not address this Court's reliance on *Janetos v. Fulton Friedman & Gullace, LLP*, whereby the Seventh Circuit adopted a vicarious liability theory against a debt collector for the actions of others acting on its behalf. 825 F.3d 317, 325 (7th Cir. 2016). In *Janetos*, the Seventh Circuit adopted the Third Circuit's holding that "[a] debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself." *Id*.; accord *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404-06 (3rd Cir. 2000). "[W]e think it is fair and consistent with the [FDCPA] to require a debt collector who is independently obligated to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf." *Id*. In a similar fashion, the desired inability to hide behind one's agents actions resulting in unlawful practices and a failure to maintain reasonable procedures designed to avoid any such errors bolster this Court's holding that LVNV both had actual knowledge through the acts of its prior servicers, and why LVNV is not immune from liability on a theory of a bona fide error defense. (Dkt. 78, at 14-15, 17.) The Court's partial denial of summary judgment does not sniff of any "manifest errors of law" warranting reconsideration and the Court certainly has not

3

abused its discretion. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

Based on the foregoing, LVNV's motion to reconsider the Court's order denying in part Defendants' Motion for Summary Judgment, (Dkt. No. 78), is denied. [80.]

_____
Hon. Virginia M. Kendall
United States District Judge

Date: April 27, 2018

4